MILES
vs
GRAY.

## Miles *vs* Gray.

APPEAL FROM THE LIVINGSTON CIRCUIT.

*Assignor and assignee.   Mortgages.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

GRAY, as assignee of a note on Patterson and his surety, assigned to him by Miles, sued the latter in assumpsit, to recover the amount, upon the allegation of due diligence and the return of *nulla bona* against the obligors. It appears that while Miles held the note Patterson executed to him a mortgage on various articles of household furniture, apparently sufficient to satisfy the whole debt, and that the assignee, Gray, was apprised of it before he brought his suit on the note, and informed by Patterson, the mortgagor, that he would make no defence against a suit to foreclose the same.   The Circuit Court excluded the mortgage as evidence, and the jury having found a verdict for the plaintiff for the whole amount of the note and interest, and judgment being rendered thereon, the defendant has appealed to this Court.

The assignment of the note carried with it all interest in the mortgage, and the right to pursue the mortgaged property for the satisfaction of the note, and it was the duty of the assignee, in the exercise of that ordinary diligence which a prudent man would have exercised in the pursuit of his own interest, in good faith, to have pursued that fund until it was exhausted.   The consideration of the assignment cannot be said to have failed, in part or in whole, until he has done so, and tested its insufficien-

ASSUMPSIT.

*Case* 86.

*April* 26.

Case stated.

The assignment of a note secured by mortgage, carries with it all the right of mortgagee, and it is the duty of assignee to exhaust such means before resorting to the assignor.

cy to pay the debt. The principle settled by this Court in the case of *McFadden* vs *Finnell et al.* (3 *B. Monroe,* 121,) clearly settles the propriety of his first subjecting the mortgaged estate to the payment of his debt, if to be had. The lash by the assignment, as to the equitable remedy, as well as to the legal, has been placed in his hands, and he must use it with reasonable diligence, as the assignor, as a prudent man might and most likely would have used it, had the note not been assigned, and he has no right to complain or seek indemnity out of the assignor, if he has failed to use it, or has lost his debt by negligence in its use in either tribunal.

The judgment of the Circuit Court is, therefore, reversed, and cause remanded that a new trial may be granted without the payment of costs; and the appellant is entitled to his costs in this Court.

